SIGNED.

Dated: May 15, 2013



*Randolph J. Haines*

**Randolph J. Haines, Chief Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WVSV HOLDINGS, LLC, | ) | CASE NO. 2:12-bk-10598-RJH |
| | ) | |
| Debtor. | ) | ORDER GRANTING 10K RELIEF |
| _____ | ) | FROM AUTOMATIC STAY |

       About five months ago creditor 10K moved for relief from the automatic stay so that it could pursue state court litigation that has been pending against the Debtor and others for more than ten years, Maricopa Superior Court No. CV 2003-008362.  Debtor has opposed the motion for stay relief, to which 10K has replied.  Although the briefing was concluded by early January and the motion was set for hearing, that hearing has been rescheduled a number of times due to the retirement of the originally assigned judge, the recusal of the next assigned judge, and the hearing of other matters.  Although oral argument on the motion is currently scheduled for June 3, the Court has determined that oral argument is not necessary and the matter can be decided on the memoranda.

       The pending state court litigation has been extensively summarized by the Arizona Court of Appeals in its reported decision in *Cal X-Tra v. WVSV Holdings*[1] which need not be summarized here.  For present purposes it is sufficient to note that the litigation involves claims by 10K that the Debtor, the Debtor's principal Conley Wolfswinkel, and others aided and abetted a breach of fiduciary duty by 10K's manager and, in addition to seeking money damages, asserts a constructive trust to all of the Debtor's property.  After numerous partial summary judgment rulings, a multi-million dollar jury verdict, an order for a new trial, the Court

---

[1] 229 Ariz. 377, 276 P.3d 11 (App. 2012).

of Appeals' ruling and the Supreme Court's denial of review, the matter is set to be remanded to Superior Court for retrial.

The Court finds and concludes that cause exists pursuant to Code § 362(d)(1) to lift the automatic stay to allow the state court litigation to proceed to conclusion.

In *America West,*[2] this Court noted that a desire to conclude litigation before another tribunal may constitute cause, and that bankruptcy courts have discretion in determining whether such cause exists. In exercising that discretion, this Court suggested that courts should primarily focus on three factors: whether the litigation causes the debtor great prejudice; a balancing of the respective hardships; and public policy.

Here, the Court finds that such cause exists primarily because of the preponderance of the second factor, because the balance of the respective hardships tips strongly in favor of 10K, rather than the Debtor. After a four week trial, a jury concluded that the Debtor had aided and abetted a massive fraud and breach of fiduciary duty that effectively deprived 10K of all its property. Both the Superior Court and the Arizona Court of Appeals also concluded that the scheme involved extrinsic fraud on the court. After extensive post trial and appellate litigation, the matter is now set to be retried. All discovery has presumably been concluded, the Court of Appeals has clarified what evidence may be submitted to the jury and, most significantly, the Court of Appeals has eliminated the Debtor's most significant (if not only) defense, an allegedly innocent reliance on the Galati judgment that was allegedly immune from collateral attack.

The other two *America West* factors also support stay relief. The litigation does not cause the Debtor undue prejudice, because the Debtor's own plan recognized the litigation would ultimately have to be resolved, and it cannot be fully resolved in the Bankruptcy Court through the claims allowance process. Given the very strong public policy against fraud on the court, public policy and comity definitely support the kind of litigation brought by 10K to rectify that fraud.

---

[2] *In re America West Airlines*, 148 B.R. 920, 922 (Bankr. D.Ariz. 1993), citing *MacDonald v. MacDonald*, 755 F.2d 715 (9th Cir. 1985).

Moreover, the *Johnson*[3] factors support a finding of cause to grant stay relief to permit the state court litigation to proceed. Given the extensive discovery and trial preparation as well as numerous summary judgment rulings and rulings on the evidence, judicial economy definitely favors permitting the action to proceed in the state court. The issues are solely state law issues as to which a bankruptcy court has no special expertise. The litigation involves other parties over which the bankruptcy court lacks jurisdiction, and it is definitely the case that full relief could not be obtained in the state court without the Debtor's presence. The creditor definitely has a high probability of success on the merits, having already once won a jury verdict that was essentially upheld on appeal. There are no threshold bankruptcy law issues that should be addressed before the state court litigation concludes.

Much of the Debtor's objection to 10K's motion for stay relief hinges on the Debtor's argument that 10K has filed a proof of claim in this bankruptcy case, 10K therefore consented to this Court's jurisdiction to resolve that claim, and that the Bankruptcy Court is therefore the proper forum for resolution of that claim. These arguments are irrelevant to the pending motion, which concerns only the still pending state court litigation, not the proof of claim that has been filed in the Bankruptcy Court. The Ninth Circuit has made clear that "the filing of a claim does not consolidate it with the pending state law case (into the claim) even though they are based on the same transaction. Both continue to exist, and must be considered, separately."[4]

IT IS THEREFORE ORDERED granting stay relief to allow the state court litigation to proceed to conclusion in all respects, excepting only that there may not be an execution on a money judgment against the Debtor absent further order of this Court or dismissal of this bankruptcy case.

DATED AND SIGNED ABOVE

---

[3] *In re Johnson*, 115 B.R. 634, 636 (Bankr. D. Minn. 1989).

[4] *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 349 (9th Cir. 1996).