MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: ecfbk@mcrazlaw.com
Michael McGrath: mmcgrath@mcrazlaw.com
David J. Hindman: dhindman@mcrazlaw.com

AND

COHEN KENNEDY DOWD & QUIGLEY, P.C.
2425 E. Camelback Road, Suite 1100
Phoenix, AZ 85016
Phone: (602) 252-8400
Fax: (602) 252-5339
Daniel Dowd: ddowd@ckdqlaw.com
Daniel Durchslag: ddurchslag@ckdqlaw.com

Attorneys for Secured Creditor 10K, L.L.C.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>WV SV HOLDINGS, L.L.C.,<br><br>   Debtor. | Chapter 11 Proceeding<br><br>Case No: 2:12-bk-10598-RJH<br><br>**APPLICATION FOR RULE 2004 EXAMINATION OF KPHV, LLC, AND FOR PRODUCTION OF RELATED DOCUMENTS** |

10K, L.L.C., a creditor herein, by and through counsel undersigned, hereby applies for an order of this Court pursuant to Rule 2004, *Federal Rules of Bankruptcy Procedure*, in the above-captioned Chapter 11 proceeding, to have KPHV, LLC, by its designated representative, appear at the offices of COHEN KENNEDY DOWD & QUIGLEY, P.C., 2425 E. Camelback Road, Suite 1100, Phoenix, AZ on **January 22, 2014**, at **9:00 a.m.**, or

Case 2:12-bk-10598-MCW    Doc 329    Filed 01/10/14    Entered 01/10/14 15:17:56    Desc
Main Document    Page 1 of 9

1 as counsel for the parties may agree, to be examined under oath regarding the matters
2 described in the attached Exhibit A.
3     It is further requested that this Court order KPHV to produce the documents
4 described in the attached Exhibit B to Cohen, Kennedy, Dowd & Quigley, P.C., Attn:
5 Daniel Durchslag, 2425 E. Camelback Road, Suite 1100, Phoenix, Arizona 85016 no later
6 than **5:00 p.m. on January 17, 2014**.

7 DATED this January 10, 2014.    MESCH, CLARK & ROTHSCHILD, P.C.

8     - and –

9     COHEN KENNEDY DOWD & QUIGLEY, P.C.

11     By  s/David J. Hindman, #24704
        Michael McGrath
12         David J. Hindman
        Attorneys for Secured Creditor 10K, L.L.C.

14 Copy e-mailed January 10, 2014 to:

15 Michael W. Carmel      Bradley J. Stevens
16 MICHAEL W. CARMEL, LTD.      JENNINGS STROUSS & SALMON,
80 E. Columbus Avenue      P.L.C.
17 Phoenix, AZ 85012-2334      One E. Washington Street, Suite 1900
Michael@mcarmellaw.com      Phoenix, AZ 85004-2554
18 *Attorney for Debtor*      bstevens@jsslaw.com
19      *Attorneys for KPHV, L.L.C.*
William Novotny
20 DICKINSON WRIGHT/MARISCAL      Ryan P. Dyches
WEEKS      Lawrence C. Wright
21 2901 N. Central Avenue, Suite 200      WRIGHT & ASSOCIATES
22 Phoenix, AZ 85012-2705      Financial Plaza
wnovotny@dickinsonwright.com      1201 S. Alma School Road, Suite 3500
23 *Attorneys for Pacific Coach, Inc.*      Mesa, AZ 85210
24      rpdyches@netzero.net
     *Attorneys for West Valley Ventures, L.L.C.*

| | |
|---|---|
| S. Cary Forrester<br>FORRESTER & WORTH, P.L.L.C.<br>3636 N. Central Avenue, Suite 700<br>Phoenix, AZ  85012<br>scf@forresterandworth.com<br>*Co-Counsel for West Valley Ventures, L.L.C.* | Larry Watson<br>Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706<br>larry.watson@usdoj.gov |

          s/Tammy L. Dahl
          20N7460

**DEFINITIONS**

1. "**You**", "**Your**", and/or "**KPHV**" shall mean KPHV, LLC, and its principal, Kevin Petersen.

2. "**Debtor**" shall mean WVSV Holdings, LLC and any past and/or present subsidiaries, divisions, affiliates, predecessors, successors, principals, officers, directors, shareholders, partners, managers, employees, consultants, contractors, representatives (including without limitation, Conley Wolfswinkel), agents, attorneys, or any persons acting or purporting to act on its behalf.

3. **"Bankruptcy Case"** refers to the bankruptcy case *In re WVSV Holdings, L.L.C.*, Case No. 2:12-bk-10598-RTB, pending in the Bankruptcy Court from and after the Petition Date.

4. **"Petition Date"** shall mean the date the Debtor filed its voluntary Chapter 11 petition – May 14, 2012.

5. **"KPHV Claim"** shall mean the claim currently held by KPHV, previously held by and filed by Perkins Coie, LLP in the amount of $303,776.24 and as represented by proof of claim number 5-1 filed in the Bankruptcy Case.

6. "**Document**" shall mean all written, reported, recorded or graphic matter, however produced or reproduced, within the meaning of Rule 34 of the *Federal Rules of Civil Procedure*, now or at any time in your possession, custody or control, or that of your agents, attorneys or representatives, including, without limitation, correspondence, memoranda, interoffice communications, written notes, telegrams, minutes of directors' or committee meetings, reports, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, computer printouts, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of accounts, journals, posting records, vouchers, any statements which reflect any payments or receipts of cash, drafts, notes, checks, bank checks, negotiable instruments, signature cards,

certificates of deposit, letters of credit, passbooks, balance sheets, financial statements, profit and loss statements, escrow agreements, powers of attorney, stop payment orders, insurance policies, charge slips, account reports, receipts, working papers, charts, graphs, indices, statistical records, statements, papers, bids, estimates, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recording, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved. The term "document" also means a copy where the original is not in your possession, custody or control and every copy and/or draft of a document if such copy is not an identical duplicate of the original. Without limiting the term "control" as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

If you are aware of the existence of any document requested, which you are unable to locate, please provide the following information:

- ▸ The identity of each such document;
- ▸ The last known location of each such document;
- ▸ The full name, position and business address of each person or persons in charge of custody or control of each such document; and
- ▸ The reason or reasons for your inability to locate each such document.

Unless you have specified the existence of a document that you cannot produce, it will be understood that you have produced all documents of the nature specified herein of which you are aware and that there exist no other documents of the nature specified herein which could be located or produced through the exercise of due diligence.

If any document requested was at one time in existence but is no longer in existence, please specify for each such document:

- ▸ The type of document no longer in existence;
- ▸ The information contained in such document;

- The date upon which it ceased to exist;
- The circumstances under which it ceased to exist; and
- The identity of each person or persons having knowledge of the circumstance under which it ceased to exist.

7. "**Communications**" refers to the transmittal of information in any form, including without limitation in any written, oral, or electronic form, and including all documents.

8. The conjunctions "and" and "or" shall each be individually interpreted in every instance as meaning "**and/or**" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification. The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

9. **"All documents"** refers to every document, whether an original or copy, known to any individual or business organization to which this request is addressed, or to any officer, director, managing agent, file supervisor, or record keeper for such individual or organization, and every document which can be located or discovered by such persons through reasonably diligent efforts.

10. "**Date**" refers to the exact date, month, and year, if ascertainable, or if not, the best approximation (including the relation to other events).

These requests for production of documents are continuing requests. If, after producing the documents requested herein, you obtain or find further documents responsive to these requests, you are required to produce to the Debtor such additional documents.

If any document designated below cannot be produced by you in full, you are requested to produce each such document to the extent possible, to specify the reason for your inability to produce the remainder of each such document, and to state whatever information, knowledge, or belief you have concerning the substance of the contents of any document not produced in whole or in part.

With respect to each document produced, you are requested to designate the paragraph of these requests to which each such document is responsive.

If, in response to any requests, there are documents or tangible items requested which are not produced because of a claim of privilege or for any other reason, note such failure to produce as an objection to the request, identify the documents as to which the privilege is claimed, state the basis for such objection, and comply with the request to the extent to which it is not subject to the objection.

## INSTRUCTIONS

1. You are requested to produce all documents enumerated below that are in your possession or under your control.

2. 10K, L.L.C. requests that the documents to be produced and identified below be provided to its counsel, Cohen, Kennedy, Dowd & Quigley, P.C., Attn: Daniel Durchslag, 2425 E. Camelback Road, Suite 1100, Phoenix, Arizona 85016, three business days prior to the date of the 2004 Examination.

3. The person or entity producing documents shall appropriately respond to such production by: (a) identifying what documents are being produced; and (b) indicating the numbered paragraph of the "Documents to be Produced" in response to which the documents are being produced.

///
///

# EXHIBIT A
## MATTERS TO BE EXAMINED

1. The business operations of KPHV;
2. Your relationship with the Sun Valley Property, as defined in the Plan.
3. Your acquisition of the KPHV Claim, and the source of funds used to complete the transaction;
4. The relationship between you and the Debtor;
5. The relationship between you and the Debtor's affiliates;
6. The relationship between you and the Debtor's insiders, including, but not limited to Conley Wolfswinkel.

# EXHIBIT B
## DOCUMENTS TO BE PRODUCED

1. Any and all documents relating to your acquisition of the KPHV Claim.
2. Any and all documents relating to your business relationship to the Debtor.
3. Any and all communications with the Debtor relating to your acquisition of the KPHV Claim.
4. Any and all communications with the Debtor relating to the bankruptcy case.
5. Any and all communications with Perkins Coie, LLP relating to your acquisition of the KPHV Claim.
6. Any and all documents regarding the source of funds for your acquisition of the KPHV Claim.
7. KPHV's operating agreement and any amendments thereto.
8. Any and all Documents relating to any transfers of money from West Valley Ventures, LLC, Ashton or Brandon Wolfswinkel, Vanderbilt Farms, W Holdings or any affiliate or related entity or individual to KPHV, its members, directors or indirect owners, or anyone controlling, controlled by or under contract with KPHV for any reason in the last

ten (10) years. If you believe this is too burdensome, provide a list identifying each transaction by date, transferor, transferee, amount, and purpose.

    9.    Your Federal and State Tax Returns (personal information redacted) for the past five (5) years.

    10.    Any and all Schedule K-1 you received in the past five years that identifies you or your members, directors, officers, subsidiaries, or affiliates as a partner, shareholder, member, or interest holding on the K-1.

20N7460